GARDEN, JUDGE:
In the afternoon of March 20, 1977, the claimants were returning to their home in Wheeling from a weekend trip to Spruce Knob. They were travelling west on Interstate 70 in Ohio County, West Virginia, and were approaching what is commonly referred to as the Dallas Pike Interchange. The claimant James Ryan was driving a 1976 Honda automobile which was owned by his wife, the claimant Joyce Ryan. Interstate 70 at and near the scene of the accident is a typical interstate highway with two lanes for westbound traffic and two lanes for eastbound traffic, the westbound and eastbound lanes being separated by a wide median strip. While the weather was overcast, the roads were dry, and the claimant James Ryan testified that he was travelling 55 miles per hour and was proceeding in the curb or right-hand lane of the two westbound lanes.
James Ryan testified that traffic was heavy and that there were cars continually passing them on the left or in the passing lane. Suddenly the Honda struck a large broken section of *330 the right-hand lane. Ryan testified that the broken section covered the entire right-hand lane and was at least ten feet in length and covered the entire width of the curb lane. As a result of striking this defective section of the highway, the Honda turned over and left the highway, landing on its roof on the berm to the right of the westbound lanes. Both claimants testified that neither of them observed any warning signs indicating that they were approaching a section of broken pavement, nor were there any barricades erected which would have prevented motorists from striking the broken pavement.
As a result of the accident, both claimants were taken by ambulance to the emergency room at Wheeling Hospital. Mr. Ryan was x-rayed for possible broken ribs, but the x-rays were negative for any fractures. He testified that he had a pain in his chest and that the next day he experienced pain in his neck. As a result of the neck pain, he made an appointment with an orthopedic specialist in Wheeling. His appointment with the doctor could not be arranged until June 30, 1977, and by that time, Mr. Ryan testified that he had recovered from his neck injury; nevertheless, he was examined by the doctor, who was of the opinion that he has recovered from all of his injuries. Mr. Ryan also testified that after the accident he experienced some ringing in his ears and consulted another doctor for this condition. The ringing sensation eventually disappeared, and we believe it is clear that Mr. Ryan suffered no permanent injuries as a result of the accident. The total medical expenses incurred by Mr. Ryan, including ambulance service, amounted to $191.20.
The claimant Joyce Ryan, on the other hand, was more seriously injured, although not extensively, in the form of injury to her teeth. She was taken by ambulance to Wheeling Hospital, and although she was experiencing pain in her neck, she was not x-rayed, but simply treated for bruises. Mrs. Ryan testified that about ten years prior to the accident, she had fallen and chipped two of her upper right front teeth which were capped by Dr. John G. Kramer of Martins Ferry, Ohio. As a result of the accident, her upper right central incisor was fractured and was surgically removed by an oral surgeon. Dr. Kramer then fitted her with a temporary partial denture, and, *331 at a later date, a permanent partial denture. At the hearing, Mrs. Ryan testified that she was not suffering any pain but was concerned about her appearance from a cosmetic standpoint. In addition to the damage to her automobile, which was stipulated by counsel to be in the amount of $2,930.00, she incurred medical and dental expenses in a total amount of $825.00.
Edward L. Schafer, respondent’s superintendent for Interstate 70 in Ohio County, testified that he was aware of the condition of this particular section of interstate, and he was of the opinion that the breakup of the concrete surface was due to the unstable condition of the ground below the surface of the highway. He was not certain as to when he first became aware of the condition, but upon receiving complaints, he had begun a program of filling the defective section with blacktop until permanent repairs could be effected. He described the broken-up section as rectangular in shape, covering a width of 10 feet of this 12-foot lane of traffic and a length of about 5 feet. He testified that on at least seven or eight occasions prior to the Ryan accident, this particular section of the road was filled with blacktop. Wilbur J. Breiding, an employee of the sign department of respondent in Ohio County, testified that on April 9, 1976, he and a crew of three installed a sign displaying the word “BUMP” within about 1,000 feet to the east of this defective area of the roadway, the purpose of which was to warn approaching motorists of the existence of what we deem to have been a dangerous condition.
We have consistently held that the respondent is not an insurer of the safety of the travelling public using its highways, but we also have held that the respondent is under a duty to exercise reasonable care to maintain the highways of this State in a reasonably safe condition and to warn motorists of any defects or impending dangers in the highways. To knowingly permit this dangerous condition to remain in varying degrees of defectiveness for a period of at least 11 months prior to the Ryan accident, and to fail to take more effective action to warn motorists of the condition of this highway, in our opinion, constitutes negligence. Believing that such negligence was the proximate cause of the Ryans’ accident and their resulting in *332 juries, we hereby make awards in favor of James and Joyce Ryan in the amounts of $800.00 and $6,250.00, respectively.
Award of $800.00 to James Ryan and
Award of $6,250.00 to Joyce Ryan.